UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIK ALEJANDRO RODRIGUEZ-VENEGAS,<br><br>Defendant. | 4:17-CR-40106-KES-1<br><br>SEALED ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT AND MOTION TO REDUCE SENTENCE |

Defendant, Erik Alejandro Rodriguez-Venegas, filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and for early release under 18 U.S.C. § 3582(C)(2) pursuant to new retroactive Sentencing Guidelines provisions. Dockets 261, 262. Plaintiff, the United States of America, opposes the motions. Dockets 264, 265. For the following reasons, Rodriguez-Venegas's motions are denied.

## BACKGROUND

On August 27, 2019, Rodriguez-Venegas was sentenced in two cases. In case 17-cr-40106-01, he was sentenced to 360 months in custody for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and sentenced to 240 months in custody for conspiracy to launder monetary instruments, in violation of §§ 1956(a)(1)(B)(i) and 1956(h). Docket 235 at 1. These sentences were to run concurrently. *Id.* In case 17-cr-40050-01, he received a 60-month concurrent sentence for using fraudulent identification documents. Docket 235-1 at 1. Rodriguez-Venegas's projected release date is July 8, 2042. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 11, 2024) (enter BOP

register number 17330-273). Rodriguez-Venegas is incarcerated at Federal Correctional Institution, Fort Dix, a low security federal correctional institution with an adjacent minimum security satellite camp. *See id.*; *FCI Fort Dix*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/lvn/ (last visited Oct. 11, 2024). The total population at FCI Fort Dix is 4,042 persons. *Id.*

On June 6, 2024, Rodriguez-Venegas filed a request for compassionate release with the warden of Ray Brook FCI, where he was then being held. Docket 261-1 at 1. His request was denied on June 27, 2024. *Id.* at 2. Rodriguez-Venegas filed his current motions for compassionate release under § 3582(c)(1)(A) and for a reduction of his sentence under § 3582(c)(2) on July 22, 2024. Dockets 261, 262. The government opposes Rodriguez-Venegas's motions. Dockets 264, 265.

## DISCUSSION

### I. Compassionate Release Background

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. *Id.* Compassionate release allows defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must consider the Section § 3553(a) sentencing factors and be consistent with applicable policy

statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires that "extraordinary and compelling reasons" warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expanded the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id.; 2023 Amendments in Brief,* U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited Oct. 11, 2024).

The 2023 amended Guidelines identify six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G. § 1B1.13(b)(1)-(4), amend. 814. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the

3

reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The Commission also issued a sixth category that applies to defendants who received a usually long sentence and have served at least ten years in custody, when a change in law other than a nonretroactive amendment to the guideline manual would produce a gross disparity between that sentence and the sentence likely to be imposed today. U.S.S.G. § 1B1.13(b)(6). Consistent with Congress's directive, the Guidelines provide that rehabilitation of the defendant is not an extraordinary and compelling reason but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. *See* U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

In deciding Rodriguez-Venegas's motion for compassionate release, the court organizes its order in two major sections: (1) whether Rodriguez-Venegas has exhausted his administrative remedies; and (2) whether Rodriguez-Venegas has met his burden to show he faces an "extraordinary and compelling" circumstance justifying compassionate release under § 3582(c)(1)(A).

### A.  Administrative Exhaustion

Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. *See* 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a

4

reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Rodriguez-Venegas submitted a request for compassionate release to the warden of Ray Brook FCI on June 6, 2024. *See* Docket 261-1 at 1. Rodriguez-Venegas filed his current motion for compassionate release over one month later on July 22, 2024. Docket 261. Rodriguez-Venegas thus appears to have exhausted his administrative remedies. Regardless, the government does not challenge Rodriguez-Venegas's motion on the grounds of failure to exhaust and has thereby waived the issue. *See* Docket 265 at 1; *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (characterizing 18 U.S.C. § 3582(c)(1)(A)'s procedural requirements as "mandatory claim-processing rule[s]" that "must be enforced *so long as the opposing party properly raises it*." (emphasis added)); *see also United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) ("Not a jurisdictional limitation, § 3582(c)(1)(A)'s exhaustion requirement is a 'claim-processing rule' and accordingly 'may be waived or forfeited' by the government." (quotation omitted)). Thus, the court will review Rodriguez-Venegas's motion on the merits.

### B.   Extraordinary and Compelling Reasons

Rodriguez-Venegas argues that he faces an "extraordinary and compelling" circumstance warranting compassionate release for two reasons. *See* Docket 261-1; Docket 262 at 6-13. First, Rodriguez-Venegas argues that

5

his rehabilitative record in prison entitles him to compassionate release. Docket 261-1. Second, Rodriguez-Venegas argues that he received an unusually long sentence compared to his co-defendants and that a change in law has produced a gross disparity between that sentence and the sentence likely to be imposed were he sentenced at the time he filed his instant motion. *Id.*; Docket 262 at 7-8.

As noted above, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). Because Rodriguez-Venegas's argument for compassionate release relies solely upon his efforts at rehabilitation, this alone fails to provide him with an "extraordinary and compelling" circumstance justifying compassionate release under § 3582(c)(1)(A).

Rodriguez-Venegas also argues that his sentence is "unusually long" compared to his co-defendants, and that a gross disparity exists between his sentence and the sentence likely to be imposed were he sentenced at the time he filed his instant motion. Docket 261-1; Docket 262 at 7-8. A change in the law may be considered an extraordinary and compelling reason for compassionate release under § 1B1.13(b)(6), where a defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment" and also shows that the change "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Here, Rodriguez-Venegas fails to show that he meets the requirements under § 1B1.13(b)(6). Rodriguez-Venegas has not served "at least 10 years of

6

the term of imprisonment." U.S.S.G. § 1B1.13(b)(6); *see also* Docket 263 at 17 (providing that Rodriguez-Venegas has served 6 years, 7 months, and 10 days of his sentence as of July 23, 2024). Also, there has been no change to the Guidelines that would alter his Guideline ranges if he were sentenced at the time the instant motion was filed. *See* Docket 227 ¶¶ 55-57, 59; U.S.S.G. §§ 2D1.1(b)(1) (b)(12), (b)(16)(E), and 3B1.1(a). Thus, because there is no change in the law that produces a "gross disparity between the sentencing being served and the sentence likely to be imposed at the time the motion is filed," there is no extraordinary and compelling reason justifying Rodriguez-Venegas's compassionate release under § 3582(c)(1)(A).

## II. Early Release Under § 3582(c)(2)

In addition to his motion for compassionate release under § 3582(c)(1)(A), Rodriguez-Venegas also seeks early release pursuant to § 3582(c)(2) and Amendment 821. The process for considering a § 3582(c)(2) motion is well established. As the Supreme Court has made clear, § 3582(c)(2) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at

the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's guideline range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range."). If the defendant clears step one, then the court must nonetheless "consider any applicable § 3553(a) factors" in determining whether to use its discretion to reduce the defendant's sentence. *See Dillon*, 560 U.S. at 827.

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See id.*

Rodriguez-Venegas appears to argue that he is eligible for a sentence reduction under Part B to Amendment 821; however, because it is unclear whether Rodriguez-Venegas is also arguing that he is eligible for a sentence reduction under Part A as well, the court will analyze his motion under both Parts A and B to Amendment 821 to the Sentencing Guidelines.

### A. U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal

8

history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Roderiguez-Venegas did not receive any "status points" for committing the instant offense while under a criminal justice sentence; thus, he is not eligible for a sentence reduction under § 3582(c)(2). *See generally* Docket 227.

### B. U.S.S.G. §4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in U.S.S.G. § 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

9

U.S.S.G § 4C1.1.

Rodriguez-Venegas fails to meet the criteria for zero-points offenders, as outlined in U.S.S.G § 4C1.1(a), because Rodriguez-Venegas possessed a dangerous weapon in connection with the offense and received an adjustment under § 3B1.1 as the leader of the drug conspiracy. *See* Docket 227 ¶¶ 55, 59. As such, he is ineligible for a sentence reduction under the "zero-point offender" provision pursuant to U.S.S.G. §§ 4C1.1(a)(7) and (a)(10).

### III. Sentencing Factors of § 3553(a)

The § 3553(a) sentencing factors confirm that Rodriguez-Venegas's release under § 3582(c)(1)(A) or § 3582(c)(2) is not warranted. The first factor the court considers is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Rodriguez-Venegas was the leader of a drug conspiracy that involved the distribution of between 18 and 27 kilograms of methamphetamine in southeastern South Dakota and southwestern Minnesota. Docket 227 ¶ 9. After the drugs were sold, Rodriguez-Venegas directed other individuals to deposit approximately $60,000 at various Wells Fargo Banks. *Id.* Thus, the nature of the offense conduct weighs heavily against release.

Rodriguez-Venegas's personal characteristics are favorable to his motion. Rodriguez-Venegas was born in Mexico. Docket 227 ¶ 77. He grew up with his parents and his brother on a farm. *Id.* ¶ 78. He indicated that his childhood was "okay," and that he lived a "calm life." *Id.* Rodriguez-Venegas quit school after the ninth grade to start working with his uncle. *Id.* ¶ 79. In 2015, he entered the United States and moved to the Madison, South Dakota area to live

near an uncle. *Id.* ¶ 80. While there, he worked for brief periods at a local dairy and at a greenhouse. *Id.* ¶ 81.

Rodriguez-Venegas has a limited history of substance abuse. *Id.* ¶¶ 78, 84-88. At the time of his arrest, Rodriguez-Venegas had no significant criminal history. *Id.* ¶¶ 70-74. He has two disciplinary violations on his BOP record, one for possessing an unauthorized item and one for being in an unauthorized area. Docket 263 at 9. He has also availed himself of available courses during his time in prison and has earned his GED. *Id.* at 10.

The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). Here, while Rodriguez-Venegas had no juvenile or adult convictions at the time of his sentencing and has taken steps toward his rehabilitation while in BOP custody, the seriousness of his offense outweighs his background. Granting a sentence reduction would not promote respect for the law nor provide just punishment. The PSR outlines numerous instances showing that Rodriguez-Venegas was deeply involved and was actively leading a very large methamphetamine distribution conspiracy. *See* Docket 227 ¶¶ 9-43. Thus, the court's interest in just punishment demands that Rodriguez-Venegas's sentence reflect the gravity of his offense.

The remaining § 3553(a) factors also do not support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would not be deterred because Rodriguez-Venegas's punishment would not be severe enough to act as an effective deterrent. *See* 18 U.S.C.

11

§ 3553(a)(2)(B). Rodriguez-Venegas's efforts at rehabilitation are laudable, but he was heavily involved and actively leading the charged conspiracy. Reducing his sentence at this time would not protect the public from further crimes if Rodriguez-Venegas resumed his criminal enterprise. Thus, the court finds that the § 3553(a) factors weigh against the defendant and confirm that release is not warranted.

After careful consideration, the court concludes that Rodriguez-Venegas's sentence continues to be appropriate for the seriousness of the crimes to which he was found guilty.

## CONCLUSION

Rodriguez-Venegas has failed to satisfy the extraordinary and compelling reason standard under § 3582(c)(1)(A), or the requirements of § 3582(c)(2). Thus, it is

ORDERED that the defendant's motion for relief under the First Step Act (Docket 261) is denied.

IT IS FURTHER ORDERED that the defendant's motion to reduce his sentence under § 3582(c)(2) (Docket 262) is denied.

Dated October 29, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE